ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
(856) 795-2121
Attorneys for Plaintiff, Franklin Electronic Publishers, Inc.
By:     JOSEPH A. MARTIN, ESQUIRE
          BENJAMIN D. MORGAN, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRANKLIN ELECTRONIC PUBLISHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDICAL INFORMATION TECHNOLOGY, INC., <br><br> Defendant. | Civil Action No: <br><br><br><br><br> **COMPLAINT** |

Plaintiff, Franklin Electronic Publishers, Inc., by way of Complaint against Defendant, Medical Information Technology, Inc., states as follows:

### THE PARTIES

1.     Plaintiff, Franklin Electronic Publishers, Inc. ("Franklin"), is a Pennsylvania corporation with a principal place of business located at 8 Terri Lane, Burlington, New Jersey 08016-4907.

2.     Franklin is the successor to Proximity Technology, Inc. ("Proximity"), which was acquired by Franklin as a wholly owned subsidiary in 1988 and merged entirely into Franklin in 2002.

3.     Defendant, Medical Information Technology, Inc., also known as Meditech ("Meditech"), is a Massachusetts corporation with a principal place of business located at Meditech Circle, Westwood, Massachusetts 02090.

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in dispute is greater than $75,000.00.

5.     Venue is proper in this District in that a substantial part of the events giving rise to these claims occurred in this District pursuant to 28 U.S.C. § 1391(a) and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

6.     Meditech develops and markets health care information system software, which includes a word processing function.

7.     On March 26, 1992, Proximity and Meditech entered into a contract (the "Agreement") whereby Proximity granted Meditech nontransferable and non-exclusive rights to use the Proximity Linguistic System, including Proximity's spelling correction, thesaurus and definition dictionary databases (the "Databases") for the purpose of enhancing Meditech's health care information system software.

8.     Pursuant to paragraph 3.1 of the Agreement, Meditech had no obligation to pay Proximity royalties in connection with the use of the Databases; instead, Meditech promised to use its "best efforts" to incorporate the Databases into its software at its own expense and to promote the inclusion of the Databases into all of its software for use by hospitals.

9.     The Agreement and the parties contemplated that as a result of those "best efforts," the hospitals that purchased Meditech's health care information system software would then enter into separate written agreements with Proximity, whereby those hospitals would pay Proximity directly for the use of the Databases for a seven (7) year license period that could be renewed at the end of that term.

10. The price for a seven (7) year license in 1992 was $1,000.00, however, that price later increased periodically and is currently $2,500.00.

11. Meditech expressly acknowledged in paragraph 3.1 of the Agreement that Proximity entered into the Agreement based on its expectation that it would receive compensation from the hospitals after Meditech had used its "best efforts" to promote the Databases to them.

**FIRST COUNT**
**(BREACH OF CONTRACT)**

12. Plaintiff Franklin repeats and incorporates herein by reference, as if set forth in full, its allegations in the preceding paragraphs.

13. After the Agreement was executed, Meditech created its own linguistic software, which it promoted as a substitute for the Databases in the health care information system software it sold to certain hospitals.

14. Since Meditech's creation of its own linguistic software, Meditech repeatedly promoted its product using Meditech's own linguistic software instead of promoting the Databases, and thereby failed to use its "best efforts" to incorporate the Databases into Meditech's software at Meditech's own expense and failed to promote the inclusion of the Databases into the software Meditech sold to hospitals.

15. On March 18, 2011, Franklin notified Meditech that it recently became aware that Meditech had breached the Agreement through the aforesaid actions and demanded that Meditech take steps to cure that breach.

16. Meditech did not respond to Franklin's notice and has since failed to take any steps to cure its breach, including advising Franklin on June 1, 2011 that "MEDITECH will no

longer be renewing any contracts with Proximity," which is directly contrary to its obligations under the Agreement.

17. These actions represent a repeated material breach of the Agreement between the parties.

18. Upon information and belief, Meditech's customers have more than tripled in the time between the creation of Meditech's substitute linguistic software and today, from approximately 605 customers in 1994 to over 2300 customers now.

19. As a result of Meditech's material breach of the Agreement, Franklin has been and will continue to be damaged.

**WHEREFORE**, Plaintiff Franklin demands judgment against Defendant Meditech for compensatory damages, consequential damages, incidental damages, interest, cost of suit, attorneys' fees and such other and further relief as the Court deems proper.

ARCHER & GREINER
A Professional Corporation
Attorneys for Plaintiff, Franklin Electronic Publishers, Inc.

By: */s/ Benjamin D. Morgan*
     JOSEPH A. MARTIN, ESQUIRE
     BENJAMIN D. MORGAN, ESQUIRE

Dated: June 10, 2011

## DESIGNATION OF TRIAL COUNSEL

Franklin Electronic Publishers, Inc. hereby designates Joseph A. Martin, Esquire of the law firm of Archer & Greiner, P.C., as its trial counsel in this matter.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

## ATTORNEY STATEMENT PURSUANT TO LOCAL RULE 201.1(d)(3)

Pursuant to Local Rule 201.1 (d)(3), the undersigned, attorney of record for Plaintiff Franklin Electronic Publishers, Inc. hereby certifies and declares that the damages recoverable by Plaintiff in this action exceed the sum of $150,000.00, exclusive of interest and costs of suit, and of any claim for punitive, exemplary or treble damages.

*/s/ Benjamin D. Morgan*
BENJAMIN D. MORGAN

DATED: June 10, 2011

6822887v1